## The Commonwealth *against* The Philanthropic Society.

*Philadelphia, Saturday, April 3.*

The articles of a corporation authorised the expulsion of a member for being concerned in scandalous or improper proceedings, which might injure the reputation of the society. *Held* to be good cause of expulsion, that a member claiming relief from the Society, had altered a physician's bill from four dollars to forty, and had presented that bill to the corporation as the ground of his claim.

ON motion of *Delaney*, a rule was granted at a former day upon the defendants, to shew cause why a *mandamus* should not issue to restore *William M. Stewart* to the standing and rights of a member of the Philanthropic Society.

*Sergeant* on shewing cause, produced the affidavit of the

1813.

COMMON-
WEALTH
*v.*
PHILAN-
THROPIC
SOCIETY.

President of the Society, together with the articles of incorporation, and certain proceedings, by which it appeared, that the Corporation were authorised to expel any member who was concerned in scandalous or improper proceedings, which might injure the reputation of the Society; and that under this article, after a citation to the relator, who appeared and confessed, that he had altered a physician's bill from four dollars to forty, and that he had presented it with the doctor's receipt, to the president, as the basis of a claim for relief, he was expelled.

TILGHMAN C. J. The return to this rule sets forth an expulsion of the prosecutor, and the causes of it. By the 13th section of the articles of the Society, certain causes of expulsion are enumerated, which consist of being concerned in scandalous or improper proceedings, which may injure the reputation of the Society; and under this section he was expelled. It appears by the minutes of the expulsion, that he had made a demand upon the Society for relief, agreeably to the rules of the institution, and had presented to them a physician's bill, which he alleged he had paid, amounting to forty dollars; but in fact it was a bill which he had altered by adding a cypher to four, the real bill paid being four dollars. If this was not a forgery, it was very like it. That it was a scandalous and improper proceeding, is most plain. Did it tend to injure the reputation of the Society? No man can doubt it. A society that would not be injured by such a proceeding as this, on the part of one of its members, must be a society without reputation. But it is said the minutes of the expulsion do not say that the proceeding did injure the reputation of the Society. This is immaterial. The tendency of the proceeding is self-evident. I am therefore of opinion, that the rule should be discharged.

YEATES J. having been unwell during the argument, gave no opinion.

BRACKENRIDGE J. of the same opinion.

Rule discharged.