GAGE *v.* CENSORS OF THE N. H. ECLECTIC MEDICAL SOCIETY.

Under Gen. Laws, *c.* 132, *s.* 2, the board of censors cannot refuse to grant a license to practise medicine on any other ground than the applicant's lack of medical knowledge, without a trial.

PETITION, for a writ of *mandamus.* Facts found by a referee.

*Sanborn & Clark*, for the petitioner.

*W. L. Foster*, for the defendants.

SMITH, J. The petitioner alleges that having pursued the prescribed course of study, and having upon due examination been graduated from the Eclectic Medical College of the city of New York, a legally chartered school authorized to confer degrees in medicine and surgery, and having received a diploma from said college, he presented himself before the defendants, a board of censors of the New Hampshire Eclectic Medical Society, January 4, 1882, and made application to the board for a license to practise medicine, surgery, and midwifery, in this state, representing that he had

pursued the prescribed course of study and graduated from said college, and produced his diploma, and offered himself for such examination as the defendants might desire to make; that the defendants refused his application, declined to give him a hearing, and refused to grant him a license. The petitioner prays for a writ of *mandamus* commanding the defendants to issue to him a license to practise medicine, surgery, and midwifery, in this state, and for further relief.

The defendants answer, admitting that they are the board of censors of the New Hampshire Eclectic Medical Society. They deny that the petitioner pursued the prescribed course of study, or that he was graduated upon due examination from said medical college, or that the college was legally chartered or authorized to confer degrees in medicine and surgery, or that the petitioner had a regular and proper degree from the college as alleged. They admit the other allegations of the petition, but say that the reason for their refusal to issue a license to the petitioner was because it clearly appeared to and was understood by them that the petitioner was disqualified and unfit to practise medicine, surgery, and midwifery, that he was unworthy of public confidence, and that it was clearly apparent to them that if a license was granted it would be their duty to revoke such license immediately for the reasons stated.

The referee finds that the petitioner graduated from the Eclectic Medical College of New York city, a medical school authorized by the laws of New York to confer degrees in medicine and surgery; that he received a diploma from the college, March 4, 1880, after having pursued the prescribed course of study and upon due examination; that he applied to the defendants January 4, 1882, for a license, and offered his diploma as evidence of his graduation; that the defendants refused to grant the petitioner a license, or to examine his diploma, or to examine him as to his qualifications; and that they put their refusal mainly upon the ground that the petitioner is not worthy of public confidence.

The statute requires every medical society, organized under the laws of this state, to elect a board of censors consisting of three members. Authority is conferred upon the board to examine and license persons to practise medicine, surgery, or midwifery. It is made the duty of the board to issue licenses without examination to all persons who furnish evidence by diploma from some medical school authorized to confer degrees in medicine and surgery, when the board is satisfied that the person presenting such diploma has obtained it after pursuing some prescribed course of study and upon due examination. The board has power, upon due notice and hearing, to revoke any license granted by it, when improperly obtained, or when the holder has, by conviction for crime or from any other cause, ceased to be worthy of public confidence. G. L., *c.* 132, *s.* 2. The defendants allege as a reason for refusing a license to the peti-

tioner that he is not "worthy of public confidence," and claim the right under the statute to refuse to issue a license if satisfied that either of the causes exists which authorize them to revoke it. The object of the statute is protection to the public from incompetent and unworthy physicians and surgeons. Two classes of persons are mentioned in the statute to whom a license to practise medicine, &c., may be issued,—those who have and those who have not received a diploma from a medical school authorized to confer degrees. To the latter class the license is issued upon examination; to the former class, without examination. Authority to examine and license, as expressed in the statute, means authority to license, when, upon examination of the candidate as to his medical education, skill, and experience, the censors are satisfied that he possesses the necessary qualifications for the important and responsible occupation of a medical practitioner. When the candidate has received a diploma from a medical school, he has only to satisfy the board that it was conferred by a school authorized to confer degrees in medicine and surgery; and that it was conferred after he had pursued the prescribed course of study, and upon due examination by the authorities of the school. The statute makes such a diploma conclusive evidence to the censors that he possesses the requisite medical qualifications to practise medicine, surgery, and midwifery. Hence the provision that he shall receive a license without examination,—that is, without examination as to his medical qualifications.

The statute also contemplates that the exigency may arise when the holder of a medical license may become, or may prove to have been, unfit or unqualified to practise medicine, and for that reason that his license should be revoked. The license is in effect a certificate that the holder possesses the necessary medical and other qualifications. The license may be revoked when it was improperly obtained, or when the holder has, by conviction for crime or from any other cause, ceased to be worthy of public confidence. Character, no less than medical education, skill, and experience, is, within the meaning of the statute, a qualification for a competent physician or surgeon. One who does not possess the requisite qualifications cannot be worthy of public confidence. *Barrows* v. *Mass. Med. Soc.*, 12 Cush. 402, 409; *Rex* v. *Dr. Askew & a., Censors, &c.*, 4 Burr. 2186, 2189; *Com.* v. *Philanthropic Soc.*, 5 Binn. 486. But a license once granted cannot be revoked except upon due notice and a hearing. The holder is given an opportunity to meet charges and evidence tending to show his unfitness. The same considerations that forbid the revocation of a license except upon notice and a hearing, also require that the applicant for a license who possesses the requisite medical qualifications shall not be denied a license without a hearing on the question whether he is in other respects worthy of public confidence.

It is said that *mandamus* does not lie to compel admission to a corporate franchise, or to an office, when it is plainly apparent that the applicant, if admitted, will be immediately expelled; that in such a case the writ may be properly withheld; and that the writ is not intended to enable a party, by taking advantage of forms or the want of form, to defeat justice. High Ex. Rem., *ss.* 287, 301; *Ex parte Paine*, 1 Hill 665; *Rex* v. *Griffiths*, 5 B. & Ald. 731; *Rex Axbridge*, Cowp. 523; *Rex* v. *Mayor, &c., of London*, 2 T. R. 177, 182; *Rex* v. *Bishop of Chester*, 1 T. R. 396, 403; *Van Rensselaer* v. *Sheriff of Albany*, 1 Cow. 501; *State* v. *Society*, 15 La. An. 73. What the common law of this state is on that subject it is not now necessary to inquire. This case depends upon the statute, which does not authorize the exclusion of the plaintiff from the rights of a licensed physician without trial. An examination for the purpose of ascertaining his medical and surgical knowledge and skill is rendered unnecessary by his diploma from a medical school authorized to confer degrees in medicine and surgery, the board of censors being satisfied that he obtained his diploma after pursuing the prescribed course of study and upon due examination. He is exempted by the statute from the examination which would be required if he had no diploma. But the legal meaning of the statute does not require the issue of a license which should be immediately revoked for want of other qualifications than medical and surgical knowledge and skill. A license may be refused, if, on other grounds, upon due notice and hearing, he is fairly proved by the defendants to be unworthy of public confidence. If he desires a hearing before the defendants on that question, further proceedings in this case will await the result of the speedy trial to which he is entitled before the board.

*Trial granted.*

All concurred.