Merrimack, ⎰
May 5, 1908. ⎱

## SILVERMAN & a.    v.    GAGNON & a.

Upon a petition for a junkdealer's license, the petitioner cannot insist that he is not a dealer in junk within the meaning of the statute.

The question of the suitableness of an applicant for a junkdealer's license, under chapter 76, Laws 1905, is one of fact for the determination of the selectmen; and their discretion upon the subject, if properly exercised, cannot be reviewed or reversed.

Selectmen may reasonably find that an applicant for a junkdealer's license is not a suitable person, from the fact that he proposes to purchase junk and transport it to another town for sale, without having any place of storage or business in the town in which he seeks to be licensed.

PETITION, for *mandamus* to compel the defendants, as selectmen of Allenstown, to take further action on the plaintiffs' applications for licenses to deal in old junk. The defendants refused to grant the licenses. Transferred without a ruling from the October term, 1907, of the superior court by *Pike*, J., upon an agreed statement of facts.

*Taggart, Tuttle, Burroughs & Wyman*, for the plaintiffs.

*Arthur W. Thompson* and *Edmund S. Cook*, for the defendants.

WALKER, J. By bringing this action, Silverman seeks an order compelling the defendants in their official capacity to issue to him a license under the provisions of chapter 124 of the Public Statutes, as amended by chapter 76, Laws 1905. He asserts in effect that he is entitled to the license which the defendants wrongfully withhold. This claim is the foundation of his application to the selectmen, as well as of this proceeding. If he is entitled to have a license issued to him under the statute, authorizing him to engage in the business of dealing in junk in Allenstown, he has no right to carry on that business in that town without a license. He does not have the right to deal in junk without a license, as claimed by him in argument, and also the right to a license. The two positions are so radically inconsistent that both cannot be assumed at the same time. Having brought his action for the purpose of obtaining a license, he has elected to regard himself a dealer in old junk within the meaning of the statute. He is not entitled to the relief asked unless he has that character; and as the defendants do not defend on the ground that he is not a junkdealer, he

cannot abandon the fundamental theory of his suit, and insist that he does not have that character, for the mere purpose of having that question judicially determined. For the purposes of this case, at least, it must be assumed that his business is such that it cannot be prosecuted legally in Allenstown without a license. No useful purpose, so far as the decision of this case is concerned, would be subserved by a discussion of a matter the existence of which is vital to the plaintiffs' case, and the truth of which is conceded by the defendants.

One ground on which the selectmen refused to issue a license to Silverman is that he is not a " suitable " person to be a dealer in old junk in Allenstown, because he is a resident of Manchester and does not intend to have any place of business in that town. The statute provides that " the selectmen of a town may license persons, deemed by them to be suitable, to be dealers in, and keepers of shops for the purchase and sale or barter of, old junk," etc. P. S., *c.* 124, *s.* 1; Laws 1905, *c.* 76, *s.* 1. The question of the suitableness of the applicant for a license under the statute is a question of fact for the determination of the selectmen; their discretion upon that subject, if properly exercised, cannot be reviewed or reversed. But the duty imposed upon them in this respect must be performed by them, not in an arbitrary manner, but " by an impartial exercise of a reasonable discretion." *State* v. *Cohen*, 73 N. H. 543, 547. Silverman's contention, then, results in the position that the selectmen could not reasonably find that he was not a suitable person, from the fact that he had no place of business in Allenstown, but proposed to solicit and buy old junk from its residents and transport it to Manchester for sale, without storing it or having a localized place within the limits of the town.

For sufficient legislative reasons, the statute was enacted for the purpose of subjecting this business to local police control. In *State* v. *Cohen, supra,* it was deemed to be too plain for argument that (*p.* 545) " the statute was intended principally to protect the public against the evils resulting from the crime of larceny by providing facilities for tracing the stolen property and restoring it to its owner and for the detection and punishment of the thief." In order to accomplish this purpose, one requisite for an applicant to possess is that he must be a suitable person. If he is a person whose method of doing business does not afford reasonable protection against the perpetration of the evils known to be connected with the business, he is not a suitable person. His character for suitableness depends to a large extent upon his methods of business. If they are such as to render police supervision difficult and to afford an ineffective protection against the detection of crime .

and fraud, the selectmen would be guilty of no abuse of discretion in refusing, for that reason, to authorize him to do business in their town. Under Silverman's method of doing business, if he were licensed in Allenstown he might drive into a sparsely settled part of the town, where there is little direct police supervision, fill his wagon with stolen property, and quickly remove it beyond the · jurisdiction of the town police, thus rendering it more difficult for them to trace and identify the stolen goods and to apprehend the thief, than it would be if "the dealer" had a business habitation in that town. The secrecy with which he would carry on the traffic in the town would tend to encourage some of the evils which the statute was intended to prevent or discourage. Some degree of publicity in the conduct of the business is essential to the effectual accomplishment of the statutory purpose; and if the way Silverman proposes to carry on his business is not attended with such publicity that the police of Allenstown can have a reasonable opportunity of inspecting his purchases and reclaiming stolen property that may be in his possession, with or without fault on his part, the finding that he was not a suitable person to be licensed as a junkdealer in that town cannot be reversed. It is very plain that the court cannot hold that such a result would not follow from granting a license to such a person to be a dealer in junk in a particular town, or that the defendants acted in excess of their authority in refusing to license Silverman for the reason assigned. If the business the plaintiff proposes to carry on does not require a license, the fact that he is licensed in Manchester would not require him to obtain a license in Allenstown; while if a license in Allenstown is required, the license in Manchester does not authorize the carrying on of the business in Allenstown. It is therefore unnecessary to consider the question whether the fee tendered for a license was sufficient. The case of the other plaintiff is disposed of in the same way upon a similar state of facts. The petition should be denied.

*Case discharged.*

PARSONS, C. J., and BINGHAM and PEASLEE, JJ., concurred: YOUNG, J., dissented.