·Merrimack, }
Feb. 3, 1914. }

### ISAAC MUSHLIN *v.* JOHN W. K. ROWELL & a.

Under chapter 76, Laws 1905, the selectmen of a town have no authority to
limit the number of junkdealers' licenses to be issued therein.

PETITION for *mandamus*, to compel the issuance of a junkdealer's
license to the plaintiff. The defendants are the selectmen of
Hooksett. Having licensed one Isenberg as a junkdealer in that
town, they declined to license the plaintiff, on the sole ground that
the number of licenses to be issued was a matter for them to decide
and that it was for the interest of the town that only one junk-
dealer should do business therein. Transferred without a ruling
from the October term, 1913, of the superior court by *Chamberlin*,
J., on an agreed statement of facts.

*Remick & Jackson* (*Mr. Jackson* orally), for the plaintiff.

*Martin & Howe*, for the defendants.

YOUNG, J. The only question considered is whether section 1,
chapter 124, Public Statutes, as amended by chapter 76, Laws
1905, authorizes the defendants to determine the number of licenses
they will issue, as well as the suitability of applicants. *Silverman*
v. *Gagnon*, 74 N. H. 502. The amended section provides that the
selectmen of a town "may license persons, deemed by them to
be suitable, to be dealers in . . . old junk." As the act is
silent as to the number of licenses that may be issued in any town,
it is probable the legislature intended that one should be issued
to any suitable person who applied for it. *State* v. *Cohen*, 73
N. H. 543. To hold that the legislature intended the selectmen
to limit the number of licenses is not only to read such a provision
into the statute, but also to hold that it intended to permit
them to create a monopoly of the business in so far as their town
is concerned.

*Case discharged.*

All concurred.