Rockingham, }
April 2, 1918. }

## Vincenzo Pastore v. Olderico Priori & a.

Equity will set aside the sale of an interest in a partnership, if the purchase has
been procured by fraudulent misrepresentations as to its financial condition,
and will decree the repayment of moneys advanced by the plaintiff to carry on
such partnership.

Money paid as interest in excess of six per cent *per annum* may be recovered under
P. S., c. 203, s. 3.

BILL IN EQUITY, to set aside a contract of partnership and pray-
ing for an accounting. Facts found by a master. The plaintiff
was induced by the defendants' fraudulent misrepresentations that
the business was profitable and that they were not in debt, to pur-
chase a third interest in it. He gave them in payment a note for
$500, which they had given him to take up another note for the same
amount. That note was given to evidence a loan of $300, and to

take up a note for $200. The $200 note was one of three notes for that amount given to evidence a loan of $500. The plaintiff has received $137.50 in excess of six per cent interest on this series of notes. The plaintiff advanced $1,292.24 to the partnership, taking the note of each of the defendants for one third of that sum. The plaintiff would not have signed the partnership agreement nor canceled the $500 note, nor advanced the $1,292.24 but for the defendants' false representations. The master found that the plaintiff's damages were ($1,292.24+$500) $1,792.24. The defendants excepted to his rulings that (1) their statements as to the business being profitable and not in debt were material representations; (2) that the money advanced to the partnership evidenced by the defendants' individual notes could be recovered in this action; and (3) that they could not set off the amount they had paid the plaintiff as usury. Transferred by *Sawyer*, J., without a ruling, from the May term, 1917, of the superior court.

*Albert R. Hatch* and *Samuel W. Emery* for the plaintiff.

*Marvin, Batchelder & Peyser* for the defendants.

YOUNG, J. Although it is true, as the defendants contend, that the plaintiff cannot be held for the debts of the partnership contracted before he purchased an interest in it, it does not follow that the defendants' statements in respect to the business they were doing and their financial condition were not material representations, for both are matters as to which the ordinary man might wish to be informed before he decided to engage in business with them. The fact that each of the defendants gave the plaintiff his note for one third of the money advanced to carry on the partnership business is immaterial in so far as his right to recover the money in this proceeding is concerned, for the master has found that he was induced to advance this money by the defendants' fraudulent misrepresentations. In such cases it is permissible for the one defrauded to elect whether he will rely on the contract or proceed against the guilty parties in an action sounding in tort. The fact he has an adequate legal remedy, if it is a fact, is immaterial; for fraud is, in and of itself, a ground of equity jurisdiction. *Curtice* v. *Dixon*, 73 N. H. 393.

The statutes of this state provide that money paid as interest in excess of six per cent *per annum* may be recovered. P. S., c. 203,

s. 3. The plaintiff's damages as assessed by the master should, therefore, be reduced by the sum of $137.50.

The plaintiff, upon filing the notes in question with the clerk, will be entitled to a decree (1) for $1,654.74, with interest from the date of the filing of this bill, as damages; and (2) that the partnership agreement is null and void.

*Case discharged.*

All concurred.