Carroll, }
Jan. 4, 1921. }

### Dixie Smith *v.* Frank Kennett & a., Adm'rs.

If the purchaser of trees growing on the land of another remove them after notice that the time limited therefor has expired, he is not liable to the penalty prescribed by P. S., c. 244, s. 1 except for the cutting or damaging of the trees or underwood of the vendor.

Debt, to recover the penalty prescribed by P. S., c. 244, s. 1. Trial by the court, who transferred the following as an important question of law: Does s. 1 apply to the removal of growth standing on the land of another if the owners of the growth remove it after their right to enter for that purpose has expired? Before the defendants began to cut, they were notified to quit the premises. Transferred by *Sawyer*, J. from the May term, 1920, of the superior court.

*Ovide J. Coulombe* (by brief and orally), for the plaintiff.

*James W. Remick* and *Hastings & Sons* (of Maine) (*Mr. Remick* orally), for the defendants.

Young, J. The defendants' entry on the plaintiff's land to remove their trees, was both unlawful, *Peirce* v. *Finerty*, 76 N. H. 38, and wilful; for they had been advised they had no right to enter for that purpose. It does not follow, however, that in so far as the trees the defendants owned are concerned, the plaintiff can recover the penalty prescribed in s. 1, for it provides in terms that the forfeiture is for the benefit of the person injured, that is, for the benefit of the owner of the trees, not the owner of the land.

Although s. 1 does not apply in so far as such trees are concerned, it does apply if the defendants cut, felled or damaged any trees, poles or underwood belonging to the plaintiff.

*Case discharged.*

All concurred.