JUST, DEMANDANTE Y APELADO, *v.* JUST ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre nulidad de matrimonio.

No. 2503.—Resuelto en junio 8, 1922.

MATRIMONIO — NULIDAD DE MATRIMONIO — IMPOTENCIA DEL CÓNYUGE — CAUSA DE ACCIÓN.—En el presente caso el Tribunal Supremo interpretó el artículo 179 del Código Civil revisado en el sentido de que confiere únicamente a la esposa cuando vive y está en plena capacidad legal (*sui juris*) el derecho a pedir la nulidad del matrimonio a causa de impotencia del esposo.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Juan de Guzmán Benítez.*

Abogado del apelado: *Sr. J. B. Soto.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

La demanda en este caso suplicaba que se declarara nulo el matrimonio de un hombre de setenta y cinco años, por el fundamento de impotencia física y enajenación mental. La corte inferior llegó a la conclusión en su opinión en cuanto a la alegada impotencia, de que ésta existía, pero no tomó en consideración la cuestión de la incapacidad mental. Hubo prueba en el juicio de un perito tendente en cierto modo a probar la incapacidad mental. Este perito, sin embargo, al ser interrogado primero, no expresó una opinión concluyente sobre la alegada incapacidad mental y su declaración en algunos particulares es susceptible de ser interpretada como que expresa su idea de la incoherencia u otra cosa que normalmente debe esperarse de un hombre que padece de hemiplejia, o sea, la clase de parálisis aludida en los autos. Encontramos insuficiente esta prueba para establecer la incapacidad mental por primera vez en apelación. La otra prueba es tan poco satisfactoria que no podríamos declarar como cuestión de hecho que dicho alegado esposo era incapaz para contraer un matrimonio válido por razón de la incapacidad mental.

El apelante sostuvo que era solamente la esposa quien podía solicitar la nulidad por causa de impotencia. El apelado llamó la atención a las prescripciones específicas contenidas en los artículos 130, 131 y 179 del Código Civil, que disponen lo siguiente:

"Artículo 130.—Los requisitos necesarios para contraer matrimonio son:

"1. Capacidad legal de los contratantes.

"2. Consentimiento de las partes contratantes.

"3. Autorización y celebración de un contrato matrimonial mediante las formas y solemnidades prescritas por la ley.

"Artículo 131.—Son incapaces para contraer matrimonio:

"1. Los casados legalmente.

"2. Los que no tuvieren el pleno ejercicio de su razón.

"3. Los varones menores de diez y ocho años y las mujeres menores de diez y seis años. Se tendrá, no obstante, por revalidado *ipso facto* y sin necesidad de declaración expresa, el matrimonio contraído por menores ·de dicha edad, si un día después de haber llegado a la pubertad legal, hubiesen vivido juntos sin haber reclamado en juicio contra su validez las personas que legalmente los representen, o si la mujer hubiese concedido antes de la pubertad legal o de haberse entablado la reclamación."

"Artículo 179.—La acción para pedir la nulidad del matrimonio corresponde a los cónyuges, al fiscal y a cualesquiera otras personas que tengan interés en dicha nulidad.

"En los casos de violencia o intimidación sólo podrá ejercitar la acción de nulidad el cónyuge inocente."

Si tiene razón el apelado, entonces, por supuesto, un hombre que padece de impotencia física nunca puede contraer un matrimonio válido aún con el conocimiento y consentimiento de la mujer con quien desea casarse. Además, si dos personas resuelven casarse para mutua compañía bajo estas circunstancias, entonces los herederos de cualquiera de ellas pueden atacar el matrimonio.

Cuando un hombre está impotente la verdadera persona interesada en anular el matrimonio es la mujer. En ciertos casos, quizá cuando ella es menor de edad, o sufre alguna

incapacidad, un padre, tutor o guardián, podría establecer una acción a su nombre. Pero entendemos el artículo 179 del Código Civil en el sentido de que confiere únicamente a la esposa un derecho a anular un matrimonio por causa de impotencia si vive y está en el pleno goce de sus derechos (*sui juris*).

El caso de *Delpit* v. *Young,* La. Ann. 923, fué uno en el cual un padre procuraba anular el matrimonio de su hijo menor de edad, pero que pasaba de la edad de poder prestar consentimiento. La decisión fué que no había causa de acción por parte del padre. La corte citó jurisprudencia francesa al efecto de que al prescribir un código "que cuando ha habido una equivocación en la persona la parte que sufre el error solamente puede impugnar el matrimonio" un caso de importancia quedaría comprendido dentro de sus prescripciones; indicando, por tanto, que en la ley francesa puede continuar un matrimonio cuando una de las partes está impotente. Hasta que estemos claramente convencidos de lo contrario, sostendremos que estando viva la esposa y en el pleno ejercicio de sus derechos (*sui juris*) nadie más tiene causa de acción para anular el matrimonio. No hemos prestado ninguna consideración particular a la cuestión de si un matrimonio como este ya disuelto por la muerte puede ser anulado.

La apelante también atacó la prueba de la inscripción del nacimiento del demandante en la cual su supuesto padre lo reconoció como hijo natural. Sostiene la apelante, si la entendemos, que una partida de nacimiento en que se usa el nombre del padre sólo podía ser hecha por dicho padre, pero es precisamente el padre quien pretende hacer esta partida. Convenimos con el apelado en que el error en la descripción de los nombres del padre era un mero error clerical y que quedó establecida la identidad.

Hemos discutido los errores señalados y encontramos que la corte inferior cometió error al anular el matrimonio por

el fundamento de impotencia.    Tenemos dudas sobre el punto relativo a la incapacidad mental y la sentencia por tanto debe revocarse, devolviéndose el caso a la corte inferior para la celebración de un nuevo juicio.

> *Revocada la sentencia apelada y ordenado un nuevo juicio.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no tomó parte en la vista de este caso.