Merrimack, }
May 1, 1923. }

HENRY E. LAU, *Adm'r*, v. BLANCHE I. LAU, *Ap't*, & a.

Laws 1915, c. 161 prohibits certain marriages of feeble-minded persons but does not render them void; hence such a marriage cannot be attacked except in a proceeding to obtain a decree of nullity in the lifetime of both the parties.

PROBATE APPEAL. The plaintiff's decedent married the appellant, Blanche I. Lau, in 1916. The probate court found that she was then a feeble-minded woman under the age of forty-five years, and decreed that the estate be distributed to his relatives to the exclusion of the appellant.

*Sawyer*, J., transferred the question whether the marriage was void, if the appellant was feeble-minded.

*Nathaniel E. Martin* and *Alfred W. Levensaler*, for the. administrator.

*Robert W. Upton*, for Blanche I. Lau.

PEASLEE, J. The question transferred is whether the marriage of a feeble-minded person, entered into in violation of the statutory prohibition, is void or only voidable. The statute upon the subject prohibits the marriage, under certain circumstances, but does not declare that it shall be void. Laws 1915, c. 161. It is the general rule in this country that a mere statutory prohibition of a certain marriage does not render it void unless the statute so declares. *Gould* v. *Gould*, 78 Conn. 242; *Cunningham* v. *Cunningham*, 206 N. Y. 341, 344; 18 R. C. L. 440.

When the language of this act is compared with the earlier statutes 'upon the subject, it becomes increasingly apparent that there was no intent to make the marriage here in question void rather than voidable. In 1907 it was enacted that minors under certain ages were not "capable of contracting a valid marriage, and all marriages contracted by such persons shall be null and void." Laws 1907, c. 80, s. 1. As to certain other minors the marriage was made voidable. *Ib.*, s. 2. With this statute in existence in 1915, it seems highly improbable that an intent to make this class of marriages void would not have been stated in terms, if it had existed. *Gould* v. *Gould, supra*.

The argument for the administrator is based largely upon the proposition that under the statute feeble-minded persons are placed in the same class with the insane, and that at common law the marriage of the latter was void. The fallacy in the argument lies in the fact that the statute does not prohibit the marriage because of the mental incapacity of the party. A feeble-minded man of any age may marry any woman forty-five years old, and a feeble-minded woman of that age may marry any man. The object of the statute is merely to prevent procreation by the feeble-minded. It has no reference to their capacity to give an intelligent consent to the undertaking of marriage.

As the marriage was not void and the husband is dead, no inquiry can now be made into its validity. That could be done "only in a proceeding to obtain a decree of nullity, and that had to be procured during the lives of both the contracting parties to preclude the wife and children from inheriting." *Hilliard* v. *Baldwin,* 76 N. H. 142, 144.

*Appeal sustained.*

All concurred.