Merrimack,
Dec. 7, 1926.

### BENJAMIN DIEPENBROCK *v.* STATE BOARD OF HEALTH.

A license to practice medicine or chiropractic does not permit the licensee to maintain an asylum or sanitarium for persons of unsound mind without a license from the state board of health pursuant to P. L., *c.* 131, *s.* 1.

P. L., *c.* 131, investing the state board of health with discretionary power to license sanitariums and asylums is constitutional.

In mandamus against the state board of health to compel the granting of a license to conduct a sanitarium, the court upon dismissing the petition may enjoin the petitioner from further maintaining such institution without license.

PETITION, for a writ of mandamus to compel the defendants to grant the plaintiff a license to maintain a sanitarium under P. L., *c.* 131. In their answer the defendants averred that the plaintiff was already conducting an asylum for the reception of persons of unsound mind, although his application for a license to maintain an asylum for that purpose had been rejected. The answer concluded with a prayer that the plaintiff, until duly licensed, be enjoined from maintaining the asylum in question. The plaintiff's motion to dissolve the injunction issued in response to this prayer was denied subject to exception. A bill of exceptions was allowed by *Sawyer,* C. J. The facts are stated in the opinion.

*Henry D. Yeaton,* for the plaintiff.

*Jeremy R. Waldron,* attorney-general, and *Mayland H. Morse,* assistant attorney-general, for the defendants.

MARBLE, J. "No person or corporation shall locate, conduct or maintain a sanitarium or asylum for the reception of persons of unsound mind, or for the treatment of specific diseases, without,

having first obtained a license so to do from the state board of health." P. L., *c.* 131, *s.* 1.

Section 2 provides that "all facts relating to the character of the proposed sanitarium or asylum and of the applicant shall be thoroughly investigated by said board, who shall, at their discretion, issue a license to such applicant, with such restrictions and regulations as they may deem necessary for the protection of the interests of the state."

The power of the legislature to deal with all matters pertaining to the preservation of life and health cannot be doubted. *State* v. *Forcier*, 65 N. H. 42; *State* v. *Pennoyer*, 65 N. H. 113, 116; *State* v. *Normand*, 76 N. H. 541; *Barber* v. *School Board, ante,* 426. Nor is the particular statute objectionable because it invests the defendants with power to issue licenses at their discretion. *State* v. *Cohen*, 73 N. H. 543; *Silverman* v. *Gagnon*, 74 N. H. 502.

Apparently the plaintiff does not question the constitutionality of the statute, but claims that since he is a duly qualified chiropractor holding the requisite certificate (P. L., *c.* 206, *s.* 10), he is not subject to the provisions of chapter 131, or else is entitled to a license as a matter of right.

His contention is without merit. The law applies to all persons indiscriminately. Practitioners of medicine and surgery as well as chiropractors are required to pass an examination and receive a license before they are permitted to practice in this state, but the license so received does not permit either a chiropractor or a physician to maintain an asylum for the reception of persons of unsound mind until the state board of health in the exercise of reasonable discretion have granted a license for that specific purpose.

The plaintiff's application for such a license was refused by the defendants after investigation. At the time of the hearing, five persons were being treated for mental disease at the plaintiff's institution in Westmoreland. The court, having found as a fact that the plaintiff was maintaining an asylum for the reception and treatment of persons of unsound mind without first having obtained a license from the state board of health to operate and conduct such an asylum, properly denied the plaintiff's motion.

*Exception overruled.*

All concurred.