Grafton, }
June 23, 1927. }

GEORGE H. CALLEY & a., *Trustees, v.* NEW HAMPTON LITERARY INSTITUTION.

*Jewett & Jewett* (*Mr. Theo S. Jewett* orally), for the plaintiffs.

*Owen & Veazey, Clarence G. Swain* and *Frank N. Parsons* (*Mr. Parsons* orally), for the defendant.

PEASLEE, C. J. By the seventh and eighth clauses of his will the testator created the "mill trust fund" and provided as follows:

"The stocks or securities which constitute the said 'Mill Trust Fund' are not to be transferred by the Trustees to themselves or otherwise, except in so far as it may be necessary to protect the said fund and make proper and necessary changes of securities and then only with the consent and upon the decree of the Probate Court, upon petition therefor, so that at the termination of the trust hereby created, the stocks and securities existing at the time of my death shall go to the residuary legatees hereinafter named in the form in which I have left them, unless changed by order of the Court above provided."

"In the event of any catastrophe to the Mason-Perkins Paper Co.'s property or to the property of the Bristol Water Power Co., at any time during the period for which said trust is to exist, such as the destruction thereof by fire or flood or by any other event requiring a large outlay of money for the removing or rebuilding of said mills or dams, or should conditions arise whereby it would be for the best interests of my said estate, and the residuary legatees aforesaid in the judgment of the Court of Probate (to whom any and all matters are to be submitted by the residuary legatees upon petition should occasion arise) then said trust may be terminated at any time within twenty years."

In a second codicil to the will he directed that Herbert B. Davis, the surviving residuary legatee, should be appointed to fill any vacancy in the board of trustees, and also provided as follows:

"2. Whenever it shall be necessary in the judgment of my trustees to sell any part of the Mason-Perkins Paper Co. or the Bristol Water Power Co. stocks, either at the end of the trust or in case of an emergency like that indicated in eighth paragraph of my will or for some reason now unforeseen, then I will and direct that my trustees petition the Probate Court for leave to sell the same and if permitted by the Court to sell, then I direct that the Mason-Perkins Paper Co. be sold first and the Bristol Water Power Co. be sold afterwards, or that they be sold at one and the same time: but especially and emphatically I direct that the Bristol Water Power Co. stock shall not in any event be sold before the other stock. . . .

"3. At the expiration of the term of twenty years limited in said will for the 'Mill Trust Fund' the two manufacturing corporations stocks mentioned in the last paragraph may be held in trust in the discretion of my said trustees for a further period of not exceeding five years.

But if the term is so extended then I will and direct that Herbert Burnham Davis be substituted as trustee in place of said Field and I hereby give the new board of trustees the right and authority to sell said manufacturing stocks at any time within said five years extension when in their judgment it may be for the best interest of all concerned."

"5. I will and direct that the net proceeds of the stock of the corporations described in paragraph three of this codicil shall at the end of five years extension, or sooner if sold, be distributed by my trustees as follows: One-half part thereof to the New Hampton Literary Institution, a corporation at New Hampton, Belknap County, as a fund in memory of my late daughter, Clara B. Perkins, the fund to be safely invested in United States Government Bonds or other first class New England Bonds and the income only used for the benefit of said Institution so long as it remains under the present corporation, and if that ceases to maintain a school, the funds shall revert to the residuary legatees named in my will." The balance of the clause provides for the disposition of the remaining half, three-eighths going to the residuary legatees named in the will and the remaining two-sixteenths each to a person named.

The twenty-year period has expired. The stocks in the Mason-Perkins Paper Company and the Bristol Water Power Company have been liquidated and the trustees now hold the proceeds.

The trustees have elected not to extend the trust period to twenty-five years.

It is claimed on behalf of the surviving residuary legatee that the provision that one-half of the proceeds of these stocks should go to the New Hampton Institution has been defeated by the failure to extend the trust. The position cannot be sustained. The provision of the fifth clause of the second codicil that the proceeds shall be distributed in a certain way "at the end of five years extension, or sooner if sold," was intended to govern, whenever the trust might be terminated.

Not only is this the plain meaning of the language of the clause, but the added fact that the testator contemplated that the residuary legatee should become one of the trustees in whom was vested the discretion as to extension, is most convincing evidence that he did not understand that he thus gave to that legatee the power to determine whether he would take all the property, by failing to extend the trust, or let five-eighths of it go to others by exercising the power of extension.

In view of this conclusion as to the meaning of the codicil, and the fact that all interested parties are willing that the trust should now be terminated, it is unnecessary to consider whether the interest of one of the trustees disqualified the board from acting upon the question of extension.

It is said that rights in other property may be involved. The facts relating thereto have not been found, and the conclusions here stated apply to the proceeds of the stocks of these two corporations only.

The trustees are advised that they should settle an account in the probate court and pay to the New Hampton Institution one-half of the proceeds of such stocks with which they are charged.

*Case discharged.*

All concurred.