Grafton,
Jan. 6, 1931.

FRANK MUSGROVE & a v. WINTHROP PARKER & a.

*David F. Dudley* and *John M. Stark,* for the plaintiffs, furnished no brief.

*Ralph W. Davis,* attorney-general, and *Jennie Blanche Newhall,* for the defendants.

PEASLEE, C. J. This proceeding was instituted and prosecuted to its termination in the superior court just before the summer vacation. The injunction there issued was designed to nullify the statute and the orders made under its provisions. The proceedings and restraining order being timed as they were, there was no opportunity for review before the open fishing season for the current year was over.

It has always been the practice in this jurisdiction to follow the universally accepted doctrine that the constitutionality of an act passed by the coördinate branch of the government is to be presumed. It will not be declared to be invalid except upon unescapable grounds; and the operation under it of another department of the state government will not be interfered with until the matter has received full and deliberate consideration. Such interference by courts having only *nisi prius* jurisdiction should be avoided as far as possible. The heretofore commonly used procedure* of transferring questions of law without a ruling (P. L., *c.* 315, *s.* 7) is well adapted to effectuate the speedy and final determination of the validity of legislation. Unless irreparable loss will be caused, no restraining order should issue until the subject has been passed upon by the court of last resort.

A proper regard for the power and authority of the legislative

*See, *ante,* 71, 98, 207; 83 N. H. 104, 124, 148, 190, 225, 312, 328, 334, 422; 82 N. H. 111, 170, 281, 399, 453, 557; 81 N. H. 44, 83, 280, 389, 448; 80 N. H. 14, 36, 44, 340, 396, 447, 518; 79 N. H. 1, 66, 153, 299, 323, 371, 431; 78 N. H 75, 108, 147, 171, 176, 313, 316, 386, 428, 433, 463, 473, 533, 544, 588, 609; 77 N. H 340, 353, 373, 425, 431, 544.

branch of the government demands the observance of the foregoing limitations upon judicial procedure. They were not observed in this proceeding.

When the case came on for hearing in this court, counsel for the plaintiffs stated that they did not purpose to furnish any brief, as the injunction had served to protect their clients during the season now ended. The situation affords a striking illustration of the need to follow the rule that the activities of other branches of the government ought not to be interfered with by judicial action until the issue of constitutionality has been finally passed upon.

". . . no case shall be dismissed for want of a brief." P. L., c. 315, s. 11. The question of the constitutionality of the statute is therefore to be considered.

In 1929, the legislature established a fish and game advisory board, and empowered them, in conjunction with the fish and game commissioner, to restrict the taking of fish or game when, after investigation, the board shall find that such action "is necessary to insure the preservation or perpetuation of any kind of fish, game or furbearing animals or the maintenance of an adequate supply thereof." Laws 1929, c. 31, s. 2.

The statute is assailed as granting arbitrary power over the regulation of taking fish and game. The sufficient answer is that no such power was attempted to be conferred. The provision is specific that orders are to be made only when certain facts are found to exist. In so far as there is any discretion, it is but a reasonable one, to be reasonably exercised. The validity of such legislation has been so frequently affirmed that further elaboration of the topic is not called for. *Gage* v. *Censors*, 63 N. H. 92; *State* v. *Cohen*, 73 N. H. 543; *State* v. *Normand*, 76 N. H. 541; *Page* v. *Brooks*, 79 N. H. 70; *Diepenbrock* v. *Board of Health*, 82 N. H. 451; *Sundeen* v. *Rogers*, 83 N. H. 253; *Aetna Casualty &c. Co.* v. *Sullivan*, 83 N. H. 426.

No other ground for complaint against the orders made by the commissioners appearing, the injunction must be dissolved. What effect these proceedings will have if prosecutions are hereafter instituted against those who have fished in violation of the orders, whether reliance upon protection given by the injunction, when the parties knew exceptions to the issuance thereof were pending, will be an answer in criminal proceedings, is a matter not now presented for consideration.

*Bill dismissed.*

All concurred.