ESSEX COUNTY ORPHANS COURT.

IN THE MATTER OF THE ESTATE OF JOSEPH DE CONZA, DECEASED.

Decided November 21, 1934.

Proctor for Karin Edstrom De Conza, petitioner for letters of administration, *Egner & Beatty* (by *Lloyd Beatty*).

Proctor for Teresa Leone, caveatrix, *Anthony D. Appice* (by *Peter S. Ferlanti*).

WHINERY, A. M.  Giuseppe (Joseph) De Conza died on May 16th, 1934, at the Mountainside Hospital, Montclair, New Jersey. Karin Edstrom De Conza, claiming to be his widow, applied to the surrogate of Essex county for letters of administration, which were, however, withheld because a caveat had been filed by his sister, Teresa Leone. The contested administration was then taken to the Orphans Court and was referred to Andrew J. Whinery as an advisory master to hear the contest.

At the hearing, Karin Edstrom De Conza offered evidence showing that she and the decedent were married on May 10th, 1934, the Rev. August S. Pearson, a minister of the Gospel, performing the ceremony. The marriage certificate was produced and marked in evidence. She testified as to his death, his failure to leave a will, his next of kin and his property.

The caveatrix then offered to produce evidence to the effect that, at the time of the alleged marriage, her brother lacked the mental capacity to contract marriage and that the ceremony was a fraudulent imposition upon him in his last illness. Her claim is that there was no valid marriage. The proctor for the petitioner objected to the admission of any evidence of that character on the ground that it was, in effect, an effort to annul a ceremonial marriage collaterally after the death of the husband and that such a determination could not be made in a probate proceeding.

It is necessary to consider the distinction between void and voidable marriages. Where a marriage is void, no decree of any court is necessary to terminate it, because in law the marital status never existed. Thus, if a person, having married, marry again while the first spouse is alive and the first marriage remains in full force and effect, the second marriage is void without the determination of a court. If that were the situation in the case now being considered, the probate court might entertain such evidence to ascertain if there had been a marriage. 76 *A. L. R.* 771, note.

A voidable marriage may be terminated or dissolved only by death or the judicial decree of a competent tribunal. *Zule* v. *Zule,* 1 *N. J. Eq.* 96; *Anonymous,* 24 *Id.* 19, 23; *Steerman* v. *Snow,* 94 *Id.* 9; 118 *Atl. Rep.* 696; *Ysern* v. *Horter,* 94 *N. J. Eq.* 135; 118 *Atl. Rep.* 774. By statute, jurisdiction over matrimonial causes is given to our Court of Chancery. The Ordinary (Prerogative Court) has never exercised jurisdiction in such causes in New Jersey. *McClurg* v. *Terry,* 21 *N. J. Eq.* 225, 228. There is no statutory jurisdiction granted to the Orphans Court to hear and determine such cases.

Marriages, except those which are void *ab initio,* are voidable. In our state, a marriage between parties within the prohibited degrees of relationship is voidable rather than void and until such a marriage is dissolved by a court of competent jurisdiction, in a direct proceeding instituted for that purpose, it shall, in all collateral proceedings, be considered to be valid. *Boylan* v. *Deinzer,* 45 *N. J. Eq.* 485, 489; 18 *Atl. Rep.* 119. A voidable marriage is valid for all purposes

until avoided or annulled; it cannot be attacked collaterally but only in a direct proceeding during the lifetime of the parties; and, upon the death of either party, the marriage cannot be impeached and is made good *ab initio*. 18 *R. C. L.* 447; 76 *A. L. R.* 771, note. In *Lau* v. *Lau*, 81 *N. H.* 44; 122 *Atl. Rep.* 345; it was held that after the death of the husband, a voidable marriage could not be declared void in a probate proceeding so as to preclude the wife and children from inheriting. A marriage induced by fraud is voidable. *Dooley* v. *Dooley*, 93 *N. J. Eq.* 22; 115 *Atl. Rep.* 268; *Ysern* v. *Horter*, 91 *N. J. Eq.* 189; 110 *Atl. Rep.* 31.

The evidence offered by the caveatrix, seeks to avoid or annul this marriage on the ground that her brother lacked mental capacity for marriage and that the ceremony was a fraud upon him. This marriage was voidable; it was not void. The husband, if alive, might have sought an annulment if the marriage was induced by fraud, or he might have confirmed it. His mouth is now sealed by death. The caveatrix seeks to contest her brother's marriage in this collateral proceeding to determine the person to whom shall be entrusted the administration of the estate of the deceased husband. The marriage being voidable and the husband being dead, such evidence is immaterial and incompetent in a probate proceeding and will not be admitted.

There are no other grounds made by the caveatrix in her opposition to the appointment of the petitioner as administratrix of the estate. Letters of administration should therefore be granted to Karin Edstrom De Conza as the wife of the decedent and the person first entitled thereto.