MARÍA TERESA HERNÁNDEZ, ETC., Plaintiff and Appellee, *v.*
MARÍA PÉREZ ORTIZ, Defendant and Appellant.

No. 7086. Argued July 22, 1935.—Decided November 5, 1935.

*Angel Fiol Negrón* for appellant. *Miguel Bahamonde* and *R. Hernández Matos* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

This is a motion to dismiss an appeal as frivolous. The appellee draws attention to the fact that the case was tried on the merits and evidence submitted, and yet the appellant has done nothing to incorporate the evidence taken at the trial. The action was one in filiation and the court found judgment in favor of the plaintiff. We may assume with the appellee that the facts tending to show that the plaintiff was

1

duly acknowledged by her father were provèd at the trial, namely, that the plaintiff's father and mother were living together in the state of concubinage, were each capable of contracting marriage, and that the father after the death of the mother took the child to live with him.

Giving some color to the defendant's appeal, the appellee concedes that the attack of the defendant is on the capacity of the plaintiff to bring this suit. The appellee was a minor at the time she contracted her marriage and was over 18 years of age. The theory of the complaint is that she became emancipated by marriage. Consent to the marriage was given by the defendant, widow of plaintiff's father, in the suit for filiation.

One of the principal grounds of the appellee is that the appellant was estopped to defend this action because she gave her consent to the marriage. We are of the opinion that, as the latter had no right to give this consent, no estoppel arose. We find no equittable estoppel.

On the other hand, while the defendant might have some financial interest, she has no standing in court to question the validity of the marriage. The persons who may attack the validity of a marriage are set forth in section 111 of the Civil Code (1930 edition), and she is not one of them. See *Just* v. *Just*, 30 P.R.R. 702; 32 P.R.R. 229. See also section 116 of the Civil Code (1930 edition).

However, even supposing that the appellant had an interest to attack the validity of the marriage, she had no such right in a collateral proceeding for filiation where she is accidentally made a party by reason of being the widow of the father of the plaintiff. *Bruns* v. *Cope*, 182 Ind. 289, 295, 105 N. E. 471, 473; *Carter* v. *Green*, 64 S. W. (2d) 1069; *In re De Conza's Estate*, 176 A. 192, 13 N. J. Misc. 41.

The appeal should be dismissed as frivolous.