MARÍA TERESA HERNÁNDEZ, conocida por MARÍA TERESA MÉN-
DEZ, demandante y apelada, v. MARÍA PÉREZ ORTIZ, deman-
dada y apelante.

No. 7086.—*Sometido:* Julio 22, 1935. *Resuelto:* Noviembre 5, 1935

*Angel Fiol Negrón,* abogado de la apelante; *Miguel Bahamonde* y
*R. Hernández Matos,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Tenemos ante nos una moción para desestimar el recurso
de apelación por frívolo. La apelada llama nuestra atención
hacia el hecho de que el caso fué juzgado por sus méritos y
por la prueba ofrecida, y que no obstante, la apelante nada
ha hecho para incorporar la prueba aducida en el juicio. La
acción en controversia era una de filiación y la corte dictó
sentencia en favor de la demandante. Podemos asumir con
la apelada que los hechos tendentes a demostrar que la de-

1

mandante fué debidamente reconocida por su padre fueron probados durante el juicio, es decir, que el padre y la madre de la demandante vivían juntos en concubinato, que ambos estaban en condiciones de contraer matrimonio, y que el padre, después de ocurrir la muerte de la madre, se llevó a la niña a vivir con él.

Dando algún color al recurso de apelación de la demandada, la apelada admite que el ataque de la primera se dirige a la capacidad de la demandante para instituir el litigio. La apelada era menor al tiempo en que contrajo matrimonio, pero mayor de 18 años. La teoría de la demanda es que la demandante se emancipó con el matrimonio. El consentimiento para casarse le fué dado por la demandada en el pleito de filiación, o sea la viuda del padre de la demandante.

Uno de los motivos principales de la apelada es que la apelante estaba impedida de oponerse a este recurso toda vez que ella prestó su consentimiento al matrimonio. Somos de opinión de que como esta última no tenía derecho a dar tal consentimiento, no surgió impedimento alguno. No hallamos impedimento en equidad (*equitable estoppel*).

Por otra parte, aunque la demandada puede tener algún interés económico, no tiene derecho a acudir ante la corte para impugnar la validez del matrimonio. El artículo 111 del Código Civil (edición de 1930) prescribe las personas que pueden atacar la validez del matrimonio, y ella no es una de éstas. Véase *Just* v. *Just,* 30 D.P.R. 755, 32 D.P.R. 248. Véase también el artículo 116 del Código Civil (edición de 1930).

Sin embargo, aun suponiendo que la apelante tuviera interés para atacar la validez del matrimonio, ella no tenía derecho a tal cosa en un procedimiento colateral de filiación en que accidentalmente se le hace parte por ser la viuda del padre de la demandante. *Bruns* v. *Cope,* 182 Ind. 289, 295, 105 N. E. 471, 473; *Carter* v. *Green,* 64 S. W. (2d) 1069; *In re De Conza's Estate,* 176 A. 192, 13 N. J. Misc. 41.

*Debe desestimarse el recurso por frívolo.*