The following resolution adopted by the House of Representatives at the present question of the General Court on March 12 was received March 15, 1947:
"Whereas, the House of Representatives has pending before it House Bill No. 45, In New Draft, An act granting school districts *Page 511 
temporary emergency exemption from certain provisions of the municipal bonds statute, and
"Whereas, questions have arisen concerning the constitutionality of this legislation, and
"Whereas, it is desirable to resolve these questions before municipal debts are incurred,
"Resolved, that the Justices of the Supreme Court be respectfully requested to give their opinion upon the following questions of law:
"2. Do any provisions of said bill constitute an unconstitutional delegation of legislative power?
"2. Do the provisions of said bill conflict with the constitution in any other respect?
"Further Resolved that the Speaker transmit a copy of this resolution and of House Bill No. 45, In New Draft, as soon as printed, to the Clerk of the Supreme Court for consideration by said court."
The following answer was returned:
To the House of Representatives:
The undersigned Justices of the Supreme Court make the following answer to the inquiries contained in your resolution adopted the 12th day of March, 1947, with reference to House Bill No. 45, in new draft:
 1. "Do the provisions of said bill constitute an unconstitutional delegation of legislative power?"
This inquiry apparently has reference to the powers conferred by section 6 of the bill upon the board of investigation thereby established, and the answer appears to admit of little doubt. There is no unconstitutional delegation of legislative power in the provisions of section 6. The bill, in effect, authorizes school districts to issue bonds in special cases in excess of the debt limit of 5% of the assessed valuation of the district established by section 1, when the educational needs and the financial condition of the district justify such borrowing. Before such a bond issue can be authorized, there must be a finding upon the question whether it is "in the best interest of and within the financial capacity of said district." Such findings presuppose investigations which obviously cannot be made by the Legislature and which may properly be delegated to a subordinate agency. "The validity of such legislation has been so frequently affirmed that further elaboration of the topic is not called for. Gage v. Censors, 63 N.H. 92; State v. Cohen, 73 N.H. 543; *Page 512 
State v. Normand, 76 N.H. 541; Page v. Brooks, 79 N.H. 70; Diepenbrock v. Board of Health, 82 N.H. 451; Sundeen v. Rogers, 83 N.H. 253; Aetna Casualty c. Co. v. Sullivan, 83 N.H. 426." Musgrove v. Parker,84 N.H. 550, 552. See also Ferretti v. Jackson, 88 N.H. 296, 301; Conway v. Water Resources Board, 89 N.H. 346, 351, 352; State v. Langley,92 N.H. 136, 138; Meredith v. State Board of Health, ante, 123, 132.
The provisions of section 7 of the bill providing for the approval of a favorable report of the board by the Governor and Council appears to be designed to give an additional check upon such bond issue and is not open to any constitutional objection.
 2. "Do the provisions of said bill conflict with the Constitution in any other respect?"
We have not undertaken to consider all the provisions of the bill in every detail to ascertain whether they may be objectionable in some minor respect. "We do not conceive that it is our province to do so." Opinion of the Justices, 84 N.H. 559, 564. We have examined the bill with some care, however, and find in it no provisions which appear to violate the requirements of the constitution.
Section 10, however, which authorizes the State Board of Education to "recommend the postponement of the construction of new buildings and facilities in cases in which it finds that price levels and costs of construction when compared with the relative needs of the school district or other expedient reasons make it more advantageous for the school district to postpone such construction," appears to contain the seeds of possible controversy. This section appears to provide for a third check upon borrowing by school districts but the legal effect of a recommendation for postponement by the State Board of Education is not clear. Whether a district may proceed with construction in spite of a recommendation for postponement from the State Board of Education and whether the legality of a bond issue under such circumstances will be affected, is not stated. The enactment of a law leaving such questions open to speculation cannot be recommended.
 OLIVER W. BRANCH. FRANCIS W. JOHNSTON. FRANK R. KENISON. LAURENCE I. DUNCAN. AMOS N. BLANDIN, JR.
March 26, 1947. *Page 513