Feb. 24,
1949. } No. 3829.

## OPINION OF THE JUSTICES.

The following resolution was adopted by the House of Representatives at the present session of the General Court on January 27, 1949:

"Resolved that the Justices of the Supreme Court be respectfully requested to give their opinion upon the following question of law:

"Do the provisions of House Bill No. 189, An Act for the taxation of property passing by sale at retail, violate in any way the provisions of the fundamental law of the State, with respect to the following:

"1. The provision in Section 5 for a schedule of average tax to be added to or included in the retail price and collected from the purchaser, any breakage under the Section to be retained by the retailer as compensation for collecting the tax.

"2. The provision contained in Section 6 for the registration of all sellers and for a registration fee.

"3. The provision for exemptions contained in Section 10.

"4. And in the opinion of the Court does any other provision of the said bill appear to be in conflict with the constitution?

"Further Resolved that the Speaker transmit a copy of this Resolution and of House Bill No. 189 to the Clerk of the Supreme Court for consideration by said Court."

The following answer was returned:

*To the House of Representatives:*

The undersigned the Justices of the Supreme Court make answer as follows to the inquiry contained in your resolution with reference to House Bill No. 189, entitled: "An Act for the Taxation of Property Passing by Sale at Retail."

Your first question has reference to section 5 of the proposed act, which would require every retailer to add the sale tax imposed by the act to his sale price if over twenty-four cents and collect it from the purchaser, any "breakage" to be retained by the retailer as compensation for collecting the tax. This provision was apparently inserted to meet the objection stated in the *Opinion of the Justices,* 88 N. H. 500, 503, that a retailer cannot be called upon to act as a collector of the tax without adequate compensation for the service. With this statement we do not agree. But the above provision may be considered by the Legislature to be a proper aid in the administration of the law.

The provision contained in section 6 of the proposed act, that all sellers shall register with the Tax Commission and pay a fee of $1 does not impose a tax upon sellers, but rather sets up the machinery for the administration of the law. Such registration may be sustained upon the same reasoning by which the filing of informatory inven-

tories may be required of prospective taxpayers. The fee is a uniform contribution by all sellers to the cost of registration and as such appears to be necessary and proper. *Havens* v. *Attorney-General*, 91 N. H. 115, 120.

Section 10 of the proposed act exempts from taxation sales of gasoline and motor fuels which are the basis of the road toll now in force. It also exempts the sale of tobacco and tobacco products now the subject of a special tax, also sales of property which the state is prohibited from taxing under the Constitution or laws of the United States; sales of an "inconsequential nature"; sales of publications issued at intervals of three months or less; sales to non-profit charitable, religious and educational institutions and sales to the State or to the Federal Government or to any agency of either of them. All of these exemptions appear to be proper, if not required, and violate no constitutional provision.

Your fourth inquiry is: "In the opinion of the Court, does any other provision of the bill appear to be in conflict with the constitution?" The answer to this question is no.

OLIVER W. BRANCH.
FRANCIS W. JOHNSTON.
FRANK R. KENISON.
LAURENCE I. DUNCAN.
AMOS N. BLANDIN, JR.

February 24, 1949.