May 3, 1949. } No. 3843.

### OPINION OF THE JUSTICES.

The following resolution was adopted by the House of Representatives at the present session of the General Court on April 14, 1949:

"RESOLVED, that the Justices of the Supreme Court be respectfully requested to give their opinion upon the following questions of law relating to House Bill No. 393, An Act Creating a State Apple Commission:

"1. Is it constitutional to have an excise tax or assessment as specified in Section 4 to be used for the purposes set forth in Section 3 entitled Powers and Duties of the Commission?

"2. Is it constitutional to provide that a private organization shall furnish a list of candidates from which the Governor must choose the members of the Commission as provided in Section 2 entitled State Apple Commission?

"3. Is it constitutional for the Commission to cooperate with other state, regional, and national agricultural and horticultural organizations and use monies for the purposes specified in Section 3, subsection III?

"Further resolved that the Speaker transmit a copy of this Resolution and of House Bill No. 393 to the Clerk of the Supreme Court for consideration by the Justices of said Court."

The following answer was returned:

*To the House of Representatives:*

The undersigned the Justices of the Supreme Court make answer as follows to the inquiries contained in your resolution with reference to House Bill No. 393, entitled "An Act Creating a State Apple Commission."

Your first question reads as follows: "Is it constitutional to have an excise tax or assessment as specified in Section 4, to be used for the purpose set forth in Section 3, entitled: 'Powers and Duties of the Commission?' "

The Act contains the following provision: "4. Excise Tax Levied. There is hereby levied on all commercial apples grown in the state and moving into the channels of commerce, beginning with the year One Thousand Nine Hundred and Forty-nine, an assessment of one cent per bushel."

We are of the opinion that a tax of the kind specified cannot be laid in this state. It comes within the class of occupation taxes which were condemned in the *Opinion of the Justices,* 82 N. H. 561, 563. The raising and selling of apples involves "only the ordinary transactions of private life." It contains "No element subject to supervision either under the police power or as things affected with a public use. The mere statement of the general proposition is sufficient to show that it unquestionably exceeds the legislative power." *Opinion of the Justices, supra.* "The provision for laying excises, contained in the constitution of Massachusetts, was omitted from that of New Hampshire. *State* v. *Company,* 60 N. H. 219, 249. 'There is no warrant for the imposition of any other tax than one assessed upon a proportional and equal valuation of all the different kinds of property on which it is to be levied.' *Ib.,* 246. *Amoskeag Mfg. Co.* v. *Manchester,* 70 N. H. 336. No authority has been given to prescribe 'an arbitrary imposition of specific taxes upon the

objects named.' *Opinion of the Justices*, 76 N. H. 588, 596." *Opinion of the Justices*, 82 N. H. 561, 563.

Since in our opinion the proposed tax is unconstitutional, there appears to be no occasion to answer the second and third inquiries contained in your resolution.

OLIVER W. BRANCH.
FRANCIS W. JOHNSTON.
FRANK R. KENISON.
LAURENCE I. DUNCAN.
AMOS N. BLANDIN, JR.

May 3, 1949.