June 19, 1951.
} No. 4065.

OPINION OF THE JUSTICES.

The following resolution was adopted by the House of Representatives at the present session of the General Court on June 7, 1951:

"RESOLVED, That the Justices of the Supreme Court be respectfully requested to give their opinion upon the following questions:

"1. May the legislature impose a tax at the rate of 5% on all meals, exempting therefrom all meals of less than $1, as proposed in House Bill 429 in new draft?

"2. May the legislature impose a tax on admissions as proposed in House Bill 429 in new draft?

"3. Does any other provision of House Bill 429 in new draft violate the Constitution?

"FURTHER RESOLVED, That the Speaker of the House transmit a copy of this resolution and of House Bill 429 in new draft to the Clerk of the Supreme Court for consideration of said court."

The following answer was returned:

*To the House of Representatives:*

The undersigned Justices of the Supreme Court make the following answer to the questions contained in your resolution of June 7, 1951, with reference to House Bill No. 429 in new draft:

The questions submitted raise the query whether, assuming taxation of sales of tobacco at a rate of fifteen per cent, sales taxes may concurrently be imposed upon meals served in restaurants at a rate of five per cent, bottled soft drinks at twenty per cent, and a tax upon admissions, whether properly considered a sales tax or not, at a rate of five per cent. Imposed upon our present tax structure, would a tax upon the selected subjects proposed by House Bill No. 429 produce a division of tax burden effecting practical equality, so that each citizen would bear his just and proportionate share, and no more?

It was early said: "To establish the rules by which each individual's just and equal proportion of a tax shall be determined, is a task of much difficulty, and a very considerable latitude of discretion must be left to the legislature on the subject. . . . And this discretion has always been exercised by the legislature. Within the limits of this discretion, as to the selection of proper subjects of taxation . . . the authority of the legislature is, without question, supreme." *Opinion of the Court,* 4 N. H. 565, 570.

Justification for the selection of sales of tobacco as a proper subject of taxation at a rate distinct from the rate of a general sales tax, like the selection of the franchises of certain utilities for taxation (*Opinion of the Justices,* 84 N. H. 559, 565-571, might be thought to be the presence of the "element subject to supervision either under the police power or as things affected with a public use." *Opinion of the Justices,* 82 N. H. 561, 563; *Havens* v. *Attorney General,* 91 N. H. 115, 118.

As the issue of still further classification reaches us, in the form of your questions, the legislative discretion as to selection has not been exercised, and the proposals do not enjoy the presumption of validity which accompanies a deliberate legislative enactment. It may well be that in the imposition of sales taxes the use of a uniform rate applicable to sales of all types of property would produce less practical equality of burden among taxpayers than would a rate which varied according to the nature of the property

sold. For example it might reasonably be thought that sales of real estate ought not to be taxed at the same rate as sales of tobacco products; and that inequality rather than equality of burden would result from the employment of a common and uniform rate. Thus some disproportion might be thought to be "inherent in the tax itself." *Thompson* v. *Kidder*, 74 N. H. 89, 98.

On the other hand, it might be thought that imposition of a tax upon sales of necessities such as meals served in restaurants when no tax is imposed upon sales of other foods or of numerous articles commonly regarded as luxuries, would produce a disproportion not reasonably inherent in the tax, and fail to promote "equal or honest division of [the] common burden." *Robinson* v. *Dover*, 59 N. H. 521, 528. The danger of creating, by narrow classification, a tax upon occupations or privileges is apparent. *Cf. State* v. *Express Company*, 60 N. H. 219; *Opinions of the Justices*, 82 N. H. 561, 563, 564; 95 N. H. 555. " 'Under our constitution, the power to tax is a power not to destroy the right of property by a discriminating process of classification or selection, but to equitably defray the expense of protecting the right of property and other rights.' *State* v. *Company*, 60 N. H. 219, 253." *Williams* v. *State*, 81 N. H. 341, 349.

What tax or combination of taxes will rest upon the broadest base with greatest practical equality is one which the Legislature must decide upon the basis of information not available to us. The danger of discrimination which may result from a selection of numbers of small classes which is plainly apparent in House Bill No. 429 cannot be disregarded.

In view of the complexities of the subject, it is obviously impossible to give your questions adequate consideration in the time available before an answer should be returned. However, it seems to us to be in conformity with the duty laid upon us by the Constitution to express to you our tentative conclusion on the subject which is that on the information presently before us we are unable to declare the proposed bill constitutional.

FRANCIS W. JOHNSTON.
FRANK R. KENISON.
LAURENCE I. DUNCAN.
AMOS N. BLANDIN, JR.
EDWARD J. LAMPRON.

June 19, 1951.

*Robert W. Upton* (orally), for affirmative answers.