March 25,
1955. } No. 4403.

OPINION OF THE JUSTICES.

The following resolution adopted by the House of Representatives on March 2, 1955, was filed in this court March 3, 1955:

"*Resolved,* That the Justices of the Supreme Court be respectfully requested to give their opinion upon the following question of law:

"May the Legislature constitutionally impose a tax upon the sale of cigarettes at the rate of twenty per cent (20%) of their value, while imposing a tax upon the sale of other tobacco products, including cigars, at the rate of fifteen per cent (15%) of the value of the same, as proposed in House Bill No. 356, An Act relative to tax on the sale of cigarettes and on the sale of tobacco products; and be it further

"*Resolved,* That the Speaker transmit a copy of House Bill No. 356 to the Clerk of the Supreme Court for consideration by said Court."

The following answer was returned:

*To the House of Representatives:*

The undersigned Justices of the Supreme Court return the following answer to the question contained in your resolution adopted the second of March, 1955, with reference to House Bill No. 356, An Act relative to tax on the sale of cigarettes and on the sale of tobacco products.

R. L., c. 79, presently provides for a tax at the rate of 15 per cent upon the value of all tobacco products suitable for human consumption sold at retail, measured by the usual selling price. Included within the products subject to taxation are all "kinds and forms of tobacco, prepared in such manner as to be suitable for chewing or smoking . . . or both for chewing and smoking" specifically including cigarettes and cigars. R. L., c. 79, s. 1 XIV, as inserted by Laws 1947, c. 133, s. 1.

House Bill 356 would designate cigarettes as one class of property subject to taxation and all other tobacco products now taxed upon their sale at retail as another class. As to the former, it would fix the rate of taxation at 20 per cent and as to the latter at 15 per cent.

In *Havens* v. *Attorney-General*, 91 N. H. 115, the present tax was held to be a validly imposed sales tax. The classification of tobacco products, to the exclusion of other commodities, as the subject of the tax was sustained as not being so arbitrary or unreasonable as to violate the legal requirements of classification.

In 1951, we were requested to give our opinion as to whether the Legislature could constitutionally provide "for a tax only upon the sale of all cigarets sold at retail . . . thereby not taxing the sale of other tobacco products." In our affirmative answer, we stated that "cigarettes are a distinctive class of property" and concluded that a selection of them as a class by themselves, for the purpose of taxation, was neither unreasonable nor arbitrary. *Opinion of the Justices*, 97 N. H. 543, 545.

However, the taxation of cigarettes at a higher rate than other tobacco products in the absence of a regulatory or just reason therefor would not appear to produce the practical equality demanded by the Constitution. *Opinion of the Justices*, 97 N. H. 546. Accordingly, it is our advisory opinion that House Bill No. 356 would not be constitutional.

FRANK R. KENISON.
LAURENCE I. DUNCAN.
AMOS N. BLANDIN, JR.
EDWARD J. LAMPRON.
JOHN R. GOODNOW.

March 25, 1955.