April 27, 1955. } No. 4417.

OPINION OF THE JUSTICES.

The following resolution adopted by the House of Representatives on April 7, 1955, was filed in this court April 12, 1955:

"Resolved by the House of Representatives, that the Justices of the Supreme Court be respectfully requested to give their opinion upon the following question of law:

"Do the provisions of House Bill No. 303, An Act providing for an income tax, as proposed to be amended, conform to the fundamental law of the State?

"Further Resolved, that the Speaker transmit a copy of this resolution and the House Bill No. 303 to the Clerk of the Supreme Court for consideration by said Court."

The following answer was returned:

*To the House of Representatives:*

The undersigned Justices of the Supreme Court make the following answer to the inquiry contained in your resolution filed April 12, 1955, with reference to House Bill 303, entitled "An Act providing for an income tax."

Prior opinions of the Justices have made it plain that since the 1903 amendment to Article 6 of the Constitution taxes upon incomes, levied at a uniform rate, are permissible although the rate differs from that of the property tax. See *Opinion of the Justices,* 99 N. H. 512, 514. In 1949, advice was sought concerning a certain provision of House Bill 186, "An Act providing for an income tax," which defined net income as "net income as defined under the Internal Revenue Code of the United States in effect at the time of passage of this act." *Opinion of the Justices,* 95 N. H. 540, 542. The opinion was then expressed that this provision did "not appear to violate any provision of the Constitution." *Id.,* 542. House Bill 303, to which your present inquiry relates, in many respects closely follows the provisions of House Bill 186 of the 1949 session. Section 2 however is in sharp contrast with section 2 of the earlier bill. Where that bill provided for a tax of one per cent to be paid "with respect to the taxpayer's *net income*" as defined by federal law, the pending bill would impose a tax "at the rate of ten per cent of the *Federal Income Tax paid* . . . upon every individual resident of this state." (*Italics supplied*).

In our opinion the tax proposed by House Bill 303 is not permitted by the Constitution. We recognize that the rate proposed is a flat or uniform rate of ten per cent. Such a rate applied directly to income would produce a tax permitted by the Con-

stitution. But the proposal is to apply it to amounts which are different percentages of the net incomes of the various taxpayers, graduated according to the size of their incomes. It follows that a tax produced by superimposing a flat rate upon the products of graduated rates will be a graduated tax. See *Alaska Steamship Co.* v. *Mullaney*, 180 F. (2d) 805, 818.

The federal taxpayer who pays 20 per cent of his taxable income in federal taxes would pay 2 per cent in state taxes; while one who pays 24.5 per cent to the United States would pay 2.45 per cent to the state. As between taxpayers the taxes paid to the state would obviously be disproportionate to their respective taxable incomes. This is apparent from illustration. The federal taxpayer with a taxable income of $2,000 pays a federal tax of $400. Internal Revenue Code of 1954, s. 1. One with a taxable income of $8,000 pays a federal tax of $1,960. *Id.* Ten per cent of the first taxpayers' federal tax would be $40, while that of the second would be $196. Upon four times as much income, the latter would thus pay almost five times as much as the former in taxes to the state.

This is not the equality and proportionality which the Constitution demands. The objection to which House Bill 303 is open was emphasized in *Opinion of the Justices*, 84 N. H. 559, 571: "It is also to be borne in mind that our constitution does not permit the laying of a graduated or progressive tax. A tax levy cannot be sustained here upon any theory that the richer one is the higher his tax rate should be. *Williams* v. *State*, 81 N. H. 341." "All taxes on like property and for like purposes must be equal." *Id.*, 575.

As was pointed out earlier in *Opinion of the Justices*, 76 N. H. 609, 611: "A change in either factor, the rate or the valuation, affects the product, which is the tax, in the same way; and in order that the tax may be equal and proportional, all property must be valued alike and taxed at the same rate." Since the effect of the bill is to tax one taxpayer upon one percentage of his income while taxing another upon a different percentage, the taxes produced are unequal and disproportional, even though a uniform rate is applied. Hence the proposed tax is not permitted by the Constitution. *Opinion of the Justices*, 99 N. H. 517. "The universal understanding has been that all property must be assessed upon the same percentage of its value." *Opinion of the Justices*, 76 N. H. 588, 593. See also, *Opinion of the Justices*, 95 N. H. 537, 539, and cases cited.

In view of the generality of your question we do not deem it our duty to consider other provisions of the bill in detail. *Opinion of the Justices*, 97 N. H. 533, 540. In our opinion the bill does not conform to fundamental law in its most essential feature.

FRANK R. KENISON.
LAURENCE I. DUNCAN.
AMOS N. BLANDIN, JR.
EDWARD J. LAMPRON.
JOHN R. GOODNOW.

April 27, 1955.

*Enoch Shenton II* and *William H. Brown* for the bill.