Request of House of Representatives,
No. 6237.

## OPINION OF THE JUSTICES.

April 21, 1971.

132

The following resolution was adopted by the House of Representatives March 31, 1971 and filed in this court on April 2, 1971:

"WHEREAS, there is pending before the House of Representatives, House Bill 382, an act imposing a tax on income and on retail sales, and

"WHEREAS, one part of the bill imposes a 3% tax upon retail sales of certain tangible personal property and upon certain services listed in the bill, and a proposed amendment to the bill specifically excludes a tax on meals and rooms which are taxed under RSA 78-A, and

"WHEREAS, RSA 78-A imposes a 5% tax on the charges paid for the purchase of taxable meals purchased from a person in the business of operating a restaurant and upon the occupancy of a room in a hotel as defined in RSA 78-A, and

"WHEREAS, the taxing of the sale of tangible personal property and certain services at a 3% tax, while the taxing of the purchase of meals and the occupancy of rooms at a 5% tax raises a constitutional question, now therefore be it

"RESOLVED, That the Speaker of the House is directed to obtain from the Justices of the Supreme Court, their opinion upon the following questions of law which are of serious importance to the financial welfare of the state, namely:

"1. Would any constitutional provision be violated by imposing a tax upon meals and rooms under RSA 78-A at a rate. of 5% of the charge for the meal or room, and by imposing a tax of 3% upon the sale of tangible personal property and certain services as listed in House Bill 382, which would specifically exempt any tax on meals and rooms as taxed by RSA 78-A?

"2. If question No. 1 is answered in the affirmative, would there be any constitutional provision violated by amending RSA 78-A so as to impose a 3% tax on the transactions taxed by the meals and rooms tax law?

"3. Would any constitutional provision be violated by any

other provisions of House Bill 382 and the proposed amendment to it accompanying this petition?

"Be it Further Resolved, That the speaker transmit seven copies of this resolution, of House Bill 382, and of the proposed amendment to House Bill 382 to the Clerk of the Supreme Court for consideration by the court."

The following answer was returned:

*To the House of Representatives:*

The undersigned Justices of the Supreme Court reply as follows to the inquiries pertaining to House Bill 382 contained in your resolution adopted March 31, 1971 and filed with this court on April 2, 1971.

House Bill 382, section 3 would enact a new chapter, to be entitled Chapter 78-C, "Sales and Use Tax." It would impose a tax of 3% on retail sales of tangible property and on the gross value of many services enumerated therein (s. 3, 78-C:2( VI ) ( d ) ( 1 )-( 8 )). It would exempt certain specified sales, some of which are otherwise taxed. *S.* 3, 78-C:9. The exemptions would include services in connection with "Meals and Rooms subject to taxes imposed by RSA 78-A," if a proposed amendment to section 3 is adopted. While the proposed amendment as submitted with your resolution refers to "RSA 78-C:9 as inserted by section 1 of the bill," we think it evident that section 3 of the bill is thereby intended.

Your first inquiry is as follows: "Would any constitutional provision be violated by imposing a tax upon meals and rooms under RSA 78-A at a rate of 5% of the charge for the meal or room, and by imposing a tax of 3% upon the sale of tangible personal property and certain services as listed in House Bill 382, which would specifically exempt any tax on meals and rooms as taxed by RSA 78-A?"

We are in agreement with what was said in *Opinion of the Justices*, 97 N.H. 533, 535, 536, 81 A.2d 845, 848 ( 1951 ): "It should be noted that the validity of a tax on retail sales is not questioned. That such a tax is constitutional has been declared by this court on former occasions. *Opinion of the Justices*, 84 N.H. 559, 576; *Opinion of the Justices*, 88 N.H. 500; *Opinion of the Justices*, 95 N.H. 546. ' The tax being upon "the transmission of property in a distinctive way," it is immaterial whether it be

placed upon the seller cr upon the purchaser.' *Opinion of the Justices*, 88 N.H. 500, 503. Tangible personal property sold at retail is one of the 'other classes of property' referred to in *Art.* 6 of Part II of the Constitution as being subject to taxation. See also, *Havens* v. *Attorney-General*, 91 N.H. 115; *Opinion of the Justices*, 94 N.H. 506."

We also recognize as stated therein that the "Legislature has liberal powers with respect to the classification of taxable property." *Id.* 536. The exercise of its powers of taxation however is also subject to the requirements of equality and proportionality, ( CONST. pt. II, art. 5 ) which operate to require that all subjects of taxation within a given class shall be taxed at a uniform rate. *Opinion of the Justices*, 94 N.H. 506, 509, 52 A.2d 294 ( 1947 ); *Opinion of the Justices*, 99 N.H. 517, 113 A.2d 119 ( 1955 ); *Opinion of the Justices*, 106 N.H. 202, 208 A.2d 458 ( 1965 ).

Your question presents the issue of whether the services of furnishing rooms for hire, and prepared meals and beverage and accompanying services, which are taxed under RSA 78-A( supp. ), are sufficiently distinguishable from other services which would be taxed under House Bill 382, as to make it apparent that just reason exists to tax them at a higher rate than the services enumerated by section 3, 78-C:9 of the bill. *See Opinion of the Justices*, 99 N.H. 517, 518, 113 A.2d 119, 120 ( 1955 ); *Opinion of the Justices*, 97 N.H. 546, 81 A.2d 853 ( 1951 ).

Services which would be taxed by the bill include "the service of repairing, altering, mending, pressing, fitting, dyeing, laundering, dry cleaning, or cleaning tangible personal property," the service of printing, photographing or copying, barber and beauty services to persons and animals, parking services for motor vehicles and boats, and intrastate telephonic and telegraphic services. No doubt each type of the enumerated services has some unique trait not present in the services of providing meals or rooms, but as to all services, the "characteristic event" which justifies imposition of a tax differing from the general property tax is the same—namely, the furnishing or sale of a service. *See Opinion of the Justices*, 84 N.H. 559, 575, 149 A. 321, 329 ( 1930 ); *Havens* v. *Attorney-General*, 91 N.H. 115, 118-19, 14 A.2d 636, 638 ( 1940 ).

Whether the right to a prepared meal and the right to occupy a room can reasonably be considered a separate "class of property" within the meaning of the language inserted in article

6, part II of the Constitution by the amendment of 1903, which can be distinguished from the right to other services to be taxed under House Bill 382 is a matter as to which we have been furnished no argument or information. On its face and in the abstract such a classification may be of doubtful constitutionality. *See Opinion of the Justices*, 99 N.H. 512, 112 A.2d 44 ( 1955 ).

Comparison of the services to be taxed under House Bill 382 with those of furnishing meals or rooms now taxed under RSA ch. 78-A ( supp. ) illustrates the " danger of creating, by narrow classification, a tax upon occupations or privileges " ( *Opinion of the Justices*, 97 N.H. 546, 548, 81 A.2d 853, 855 ( 1951 ) ), which would " fail to promote 'equal or honest division of [the] common burden'. *Robinson* v. *Dover*, 59 N.H. 521, 528. " *Id.* Although they may exist, no reasons have been presented to us " which may fairly be thought just and in the public interest" ( *Opinion of the Justices*, 94 N.H. 506, 509, 52 A.2d 294, 296 ( 1947 ) ) for the selection of the services taxed by RSA ch. 78-A ( supp. ) for taxation at one rate, and those enumerated in House Bill 382 for taxation at another. *Opinion of the Justices*, 99 N.H. 517, 113 A.2d 119 ( 1955 ); *see Opinion of the Justices*, 82 N.H. 561, 138 A. 284 ( 1927 ); *Opinion of the Justices*, 95 N.H. 555, 65 A.2d 876 ( 1949 ).

On the basis of the information presently available to us, our answer to your first question is " Yes. "

Your second question is as follows: " If question No. 1 is answered in the affirmative, would there be any constitutional provision violated by amending RSA 78-A so as to impose a 3% tax on the transactions taxed by the meals and rooms tax law?" We assume that the question implies that House Bill 382 would also be enacted if the rate imposed by RSA ch. 78-A should be changed to 3%. Upon this assumption, our answer to your second question is " No. "

Your third question with respect to " any other provisions of House Bill 382 and the proposed amendment " is also answered " No. " In view of the complexity of the bill and the absence of adversative argument, " [w]e have not undertaken to consider all the provisions of the bill in every detail to ascertain whether they may be objectionable. . . . 'We do not conceive that it is our province to do so.' *Opinion of the Justices*, 84 N.H. 559, 564. " *Opinion of the Justices*, 94 N.H. 510, 512, 52 A.2d 297, 298 ( 1947 ); *see Opinion of the Justices*, 99 N.H. 525, 528, 113 A.2d 547, 548 ( 1955 ).

Chief Justice *Kenison* asks to be excused from expressing his views for reasons which might be thought to disqualify him. *See Opinion of the Justices*, 99 N.H. 536, 540, 114 A.2d 801, 804 ( 1955 ).

LAURENCE I. DUNCAN.
EDWARD J. LAMPRON.
WILLIAM A. GRIMES.
ROBERT F. GRIFFITH.

April 21, 1971.

*Samuel L. Hays*, for Representative David C. Nutt of Hanover, for negative answer to question No. 1.