OPINION OF THE JUSTICES TO THE HOUSE OF
REPRESENTATIVES.

*Taxation*, Income tax. *Constitutional Law*, Taxation.

Pending legislation which would impose a tax on Massachusetts income
earned or received each taxable year equal to 30% of the taxpayer's
Federal income tax liability reduced by a percentage equal to the
percentage of the taxpayer's gross income which is not Massachusetts
income would result effectively in a graduated State income tax and
thus violate the uniformity requirements for income taxes in art. 44 of
the Amendments to the Massachusetts Constitution. [941-945]

On June 24, 1981, the Justices submitted the following
answer to questions propounded to them by the House of
Representatives.

To the Honorable the House of Representatives of the
Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully
submit their answer and opinion to the questions set forth in
an order adopted by the House of Representatives on March
24, 1981, and transmitted to the Justices on March 26, 1981.
The order recites that there is presently pending before the
House a proposed bill entitled, "An Act providing for the
taxation of income" (House No. 6418). The bill, a copy of
which is attached to the order, would repeal G. L. c. 62.
House No. 6418 would add a new c. 62E, imposing a tax on
Massachusetts income earned or received each taxable year
by all individuals, estates, or trusts equal to 30% of that tax-
payer's Federal income tax liability, "reduced by a percent-
age equal to the percentage of the taxpayer's gross income
for the taxable year which is not Massachusetts income."
Expressing grave doubt as to the constitutionality of the

proposed measure, the House of Representatives has requested the opinion of the Justices on the following questions:

> 1. "Would the enactment of House Bill No. 6418 constitute a permissible delegation of authority by the General Court in that it would base the determination of an individual's personal income tax liability to the Commonwealth upon federal law?"
> 2. "Is it constitutionally competent for the General Court to enact House Bill No. 6418 which would provide for the computation on an individual's state income tax liability through the utilization of a single rate applied to an individual's federal income tax liability under the provisions of Article 4 of Part Two Chapter 1 Section one and Article 44 of the amendments to the Constitution of the Commonwealth of Massachusetts[?]"

We answer the second question in the negative. A State income tax based on a flat rate percentage of the taxpayer's Federal income tax would result effectively in a graduated State income tax. This would violate the uniformity requirements for income taxes imposed by art. 44 of the Amendments to the Massachusetts Constitution. The question concerning permissible delegation would require an answer only if a State tax equal to a uniform percentage of the Federal tax validly could be imposed. In light of our answer to the second question, we believe it is unnecessary to answer this first question.

Until the adoption of art. 44 in 1915 the General Court had no power to levy an income tax, because at that time any tax on the income of property was characterized as a tax on the property itself. This characterization meant that the tax was governed by the proportionality requirement of art. 4 of Part II, c. 1, § 1, of the Massachusetts Constitution,[1] a

---

[1] Art. 4. "And further, full power and authority are hereby given and granted to the said general court . . . to impose and levy proportional and

requirement an income tax could not meet. See *Opinion of the Justices*, 220 Mass. 613, 623-625 (1915); P. Nichols, Taxation in Massachusetts 466-467 (3d ed. 1938). With the adoption of art. 44 the General Court was granted "[f]ull power and authority . . . to impose and levy a tax on income." But the new taxing authority had limitations. Although the tax "may be at different rates upon income derived from different classes of property," it must be levied "at a uniform rate throughout the commonwealth upon incomes derived from the same class of property."[2] This "uniformity" requirement consistently has been interpreted both by the Supreme Judicial Court and others as forbidding the taxation of income from the same class of property at graduated rates, i.e., with the rate of taxation varying with the total amount of income (as, for example, is done by the Federal government). See *Daley* v. *State Tax Comm'n*, 376 Mass. 861, 865-866 (1978); *Lustwerk* v. *Lytron, Inc.*, 344 Mass. 647, 651 (1962); *Opinion of the Justices*, 266 Mass. 583, 585-588 (1929); Rep. A.G., Pub. Doc. No. 12, at 122-123 (1941);

---

reasonable assessments, rates, and taxes, upon all the inhabitants of, and persons resident, and estates lying, within the said commonwealth, except that, in addition to the powers conferred under Articles XLI and XCIX of the Amendments, the general court may classify real property according to its use in no more than four classes and to assess, rate and tax such property differently in the classes so established, but proportionately in the same class, and except that reasonable exemptions may be granted; and also to impose and levy, reasonable duties and excises, upon any produce, goods, wares, merchandise, and commodities, whatsoever, brought into, produced, manufactured, or being within the same . . . ."

[2] Art. 44. "Full power and authority are hereby given and granted to the general court to impose and levy a tax on income in the manner hereinafter provided. Such tax may be at different rates upon income derived from different classes of property, but shall be levied at a uniform rate throughout the commonwealth upon incomes derived from the same class of property. The general court may tax income not derived from property at a lower rate than income derived from property, and may grant reasonable exemptions and abatements. Any class of property the income from which is taxed under the provisions of this article may be exempted from the imposition and levying of proportional and reasonable assessments, rates and taxes as at present authorized by the constitution. This article shall not be construed to limit the power of the general court to impose and levy reasonable duties and excises."

1970 Senate Doc. No. 126, First Report of the Special Commission to Develop a Master Tax Plan, 11, 45-49; P. Nichols, *supra* at 468; Comment, Advisory Opinions — Constitutional Law — Taxation, 9 B.U.L. Rev. 203, 204 (1929).[3]

This court intimated in dictum that the characterization of an income tax as a tax on the property producing the income might not be valid, as a matter of Federal law. See *Ingraham* v. *State Tax Comm'n*, 368 Mass. 242, 248-249 (1975). The question raised by *Ingraham* has no relevance to the questions before us, however. The passage of art. 44 made irrelevant the precise characterization of an income tax since, by the amendment's plain words, a tax on "income derived from property," however that tax is characterized, must be levied at the same rate on the same class of property. More recently, in *Daley* v. *State Tax Comm'n*, *supra*, we gave force to this reasoning when we held that by virtue of art. 44's uniformity requirement, the taxation of a portion of an employee's lump sum retirement pay at 9% with the remainder taxed at 5% was invalid. The precise name given to the tax on income imposed under art. 44 (through G. L. c. 62) was irrelevant. *Id.* at 866 n.12.

Given that the requirement of uniformity in art. 44 means that taxes on income from a given class of property may not be levied at graduated rates, we reach the question whether the levy of a tax based on a flat percentage of the

---

[3] The third sentence of art. 44 provides that the General Court may tax "income not derived from property" at a lower rate than "income derived from property." This may have been intended to allow for a lower rate of taxation for earned income. See P. Nichols, Taxation in Massachusetts 471 (3d ed. 1938). But in *Raymer* v. *Tax Comm'r*, 239 Mass. 410, 413 (1921), the court held that the salary of a university professor was "income derived from property" within the meaning of art. 44, making the significance of the third sentence of the amendment unclear. What is important for our purposes here, however, is that it is generally agreed that the requirement of uniform rates of taxation in art. 44 applies to both earned and unearned income. See P. Nichols, *supra* at 471, 489-490; 1970 Senate Doc. No. 126, First Report of the Special Commission to Develop a Master Tax Plan, 11, 46-47. But see Note, A Graduated Income Tax or Municipal Income Tax for Massachusetts? Legislative Possibilities, 13 New England L. Rev. 504, 519-520 (1978).

Federal tax would violate this requirement. We are of the opinion that House No. 6418 would violate the uniformity requirement of art. 44. The Federal tax is levied at graduated rates. See 26 U.S.C. §§ 1, 3 (Supp. III, 1979). A State tax based on a flat percentage of this Federal rate would work out to a tax that had, in effect, graduated rates. (For a mathematical demonstration of this fact, see *Opinion of the Justices*, 99 N.H. 525, 527 [1955]. See also *Alaska S.S.* v. *Mullaney*, 180 F.2d 805, 822 n.23 [9th Cir. 1950].) We recognize that exemptions and deductions may have effects comparable to effects of graduated rates. Moreover, the flat percentage tax on income before Federal taxes, coupled with a graduated Federal tax, has the effect of a tax at graduated rates on income after Federal taxes. Nevertheless, we think the requirement of "uniform rates" in art. 44 means more than just nominal uniformity. The requirement of uniformity cannot be circumvented by a device which keeps the rate of tax uniform while graduating the taxable base. As the Justices noted in *Opinion of the Justices*, 266 Mass. 583, 588 (1929), at the time of adoption of art. 44 in 1915, the idea of graduated rates of taxation was not unfamiliar to the voters of Massachusetts because such rates were imposed at that time both under the Federal tax system and the Massachusetts inheritance tax. Yet the people chose a system of uniform rate income taxation. Since that time, numerous attempts to amend the Constitution to allow a graduated income tax have been unsuccessful.[4]

Faced with a virtually identical question, the Justices of the Supreme Court of New Hampshire came to the same conclusion as we do. In *Opinion of the Justices*, 99 N.H. 525, 526-527 (1955), the Justices evaluated the constitutionality of a proposal to levy a State income tax at a rate of 10% of the Federal income tax liability of each New Hampshire resident. The Justices concluded that the proposal, because

---

[4] For a description of some of these attempts, see 1967 Senate Doc. No. 1199, Report Relative to a Graduated State Income Tax for Massachusetts 49-55; Note, *supra*, note 3, at 504 & n.1.

it would effectively result in a tax at graduated rates, would be invalid under a provision of that State's Constitution which had been interpreted to allow income taxes only at uniform rates. Similarly, in *Kuhn* v. *Department of Treasury*, 15 Mich. App. 364, 370 & n.12 (1968), modified on other grounds, 384 Mich. 378 (1971), the court noted that a provision of the Michigan Constitution prohibiting income taxes "graduated as to rate or base" prevented the imposition of a "piggyback" State income tax, i.e., a flat-rate tax levied on a taxpayer's Federal income tax liability. See also Young, The Revenue Article of the Illinois Constitution of 1970 — An Analysis and Appraisal, 1972 U. Ill. L.F. 312, 325 (provision of 1970 Illinois Constitution prohibiting income tax at graduated rates [art. 9, § 3] also prohibits State tax imposed at a flat rate on the amount of Federal income tax due).

Accordingly, we answer the second question of the House of Representatives, "No." In light of our answer to this question, we beg to be excused from answering the first question.

The foregoing answer and opinion are submitted by the Chief Justice and the Associate Justices subscribing hereto on the twenty-fourth day of June, 1981.

EDWARD F. HENNESSEY
ROBERT BRAUCHER
HERBERT P. WILKINS
PAUL J. LIACOS
RUTH I. ABRAMS
JOSEPH R. NOLAN
NEIL L. LYNCH